UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERUNDA FOX,

    Plaintiff,                              Civil Action No. 08-CV-14410

vs.                                             HON. BERNARD A. FRIEDMAN

STATE OF MICHIGAN, DEPARTMENT
OF CORRECTIONS,
GOPAUL SINGHL and
NURSE RUMMELLA,

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT MDOC's MOTION TO DISMISS**

**and**

**ORDER OF DISMISSAL AS TO DEFENDANTS SINGHL AND RUMMELLA**

This matter is presently before the court on the motion of defendant Michigan Department of Corrections ("MDOC") to dismiss [docket entry 18]. Plaintiff has filed a response brief and defendant MDOC has filed a reply. Pursuant to E. D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

This is a prisoner civil rights action. Plaintiff Cherunda Fox, a former inmate in the custody of the MDOC, initially filed suit on June 18, 2007, by filing a complaint in this court (07-CV-12600) that alleged in its entirety as follows:

> The issue in this complaint is inhuman treatment while in prison. They failed to give me routine annual exams resulting in permanent liver damage. The dept. of corrections admits to this wrongdoing in the 3 step grievance answer. This is a violation of ADA § 12132 and 8th Am. Rights because I was disabled when I came to prison. The

> failure to give annual exams violates U.S. v. Georgia 1-5-06 where they failed to accomodate Goodman and punished him for an existing disability through failure to treat, isolation, 23 out of 24 hrs, and keeping him in a chair where he could not turn around. The Supreme Court found discrimination against an existing disability of a prisoner as unconstitutional (violating ADA) unconstitutional, inappropriate and inhuman. Due to the non-treatment I experienced similar travals. Therefore the plaintiffs should be held liable for 1 billion dollars in damages.

On July 17, 2007, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) on the grounds that it was frivolous and failed to state claim. On January 31, 2008, the court of appeals affirmed, noting that "Fox's bare allegation that she had permanent liver damage, and that it was due to a four-month delay in scheduling her annual physical examination lacked a basis in fact and was not plausible. If she has some factual basis for her allegation, she is free to submit it with a new complaint." *Fox v. State of Michigan*, No. 07-1911 (6th Cir. Jan. 31, 2008). Plaintiff's petition for a writ of certiorari was denied by the Supreme Court on October 6, 2008.

On October 16, 2008, plaintiff commenced the instant action by filing an "Amended Complaint." The claims and defendants are the same as in 07-CV-12600. The only substantive difference between the two complaints is that in the Amended Complaint plaintiff has added the following allegations:

> 1. After returning from prison I have had recurring urinary tract infections every three weeks.
> 2. Doctor though it was kidney damage until she did a battery of blood tests.
> 3. 8 of the 15 things (best recollection) she tested for showed enzemes that indicated kidney damage.
> 4. Doctor showed me the tests and went over the reports extensively, although I'm not a doctor, I tried to understand.
> 5. She stated it was a direct result of missed blood tests during annual exams during incarceration. The dept of corrections admits to this wrongdoing in the Step 3 Grievance answer.
> 6. When initially incarcerated all tests came back clean.

As before, plaintiff claims that defendants violated her rights under the Americans with Disabilities Act ("ADA") and the Eighth Amendment. And, as before, plaintiff seeks one billion dollars in damages.

The MDOC, the only served defendant, first seeks dismissal on the grounds that it is immune from suit. Plaintiff does not oppose dismissal of the Eighth Amendment claim on these grounds. Plaintiff does oppose dismissal of her ADA claim, arguing that "[t]he State may have waived its immunity as to [this] claim." Pl.'s Resp. at 2. Plaintiff quotes from *United States v. Georgia*, 546 U.S. 151, 159 (2006), where the Supreme Court held that "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." (Emphasis in original.)

Plaintiff's reliance on *Georgia* is inapposite. In that case the Court held that Congress, in authorizing damages suits against states as a remedy for violations of Title II, abrogated states' sovereign immunity only to the extent that the violations at issue also implicate substantive constitutional rights. The plaintiff in *Georgia*, who was confined to a wheelchair, alleged he was unable to turn around in his three-foot–wide cell, was denied accessible shower and toilet facilities, was "forced to sit in his own feces and urine while prison officials refused to assist him in cleaning up the waste," and was denied access to various prison programs because of his disability. *Id.* at 155. Defendants' effort in that case to defeat plaintiff's ADA claim on grounds of sovereign immunity failed because plaintiff's allegations were deemed sufficient to make out an Eighth Amendment claim. *See id.* at 157.

In the present case, plaintiff has failed to state a claim under either the ADA or the

3

Eighth Amendment. The essence of plaintiff's complaint is that she did not receive her "annual check-up, mammogram and pap-smear" in November 2003 and, as a result, has suffered kidney damage. These allegations do not begin to make out an Eighth Amendment claim, which requires a showing that defendants were deliberately indifferent to plaintiff's serious medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Dodson v. Wilkinson*, 304 Fed.Appx. 434 (6th Cir. 2008). On its face, the need for an annual check-up, mammogram and pap-smear is not so serious, and the consequences of missing them so obviously dire, to require prison officials to ensure they are carried out on a regular basis. Further, plaintiff does not allege that defendants were deliberately indifferent to her request. To the contrary, the response to plaintiff's grievance was to schedule her for "annual health screening on 3-5-04," just three to four months later than plaintiff had requested. *See* Grievance Response dated 2-13-04, attached to the Amended Complaint. As plaintiff's allegations fail to make out an Eighth Amendment claim, defendant MDOC has sovereign immunity as to the ADA claim.

The Amended Complaint also fails to state a claim under the ADA. That statute states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff alleges only that her annual exam did not take place during the month she requested, not that the exam was denied or delayed "by reason of" any disability she may have had while incarcerated.

In sum, the Amended Complaint is subject to dismissal both because it fails to state a claim under the ADA or the Eighth Amendment and because defendant MDOC, as a state department, is immune from suit.

Defendant also correctly argues that plaintiff's claims are time-barred. Both of plaintiff's claims are subject to a three-year limitations period. *See Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (concluding, under *Wilson v. Garcia*, 471 U.S. 261 (1985), that Michigan's three-year statute of limitations governing general personal injury actions applies to § 1983 claims); *Lewis v. Fayette County Det. Ctr.*, 2000 WL 556132, at *2 (6th Cir. Apr. 28, 2000) ("Under the same *Wilson* analysis, courts faced with ADA or Rehabilitation Act claims have also looked to the state's statute of limitations for personal injury actions"). Plaintiff alleged in her grievance, dated January 9, 2004, that her Eighth Amendment rights had already been violated as of that date due to defendants' failure to provide her with the requested "annual check-up, mammogram and pap-smear" and that this failure allegedly was "sufficiently serious enough to affect my future health in a very detrimental manner." Plaintiff exhausted her remedies under the prison grievance system on May 10, 2005, the date of the Step III Response, a copy of which is attached to plaintiff's response brief. Plaintiff did not commence the instant action until more than three years later, on October 16, 2008.

For these reasons,

IT IS ORDERED that defendant MDOC's motion to dismiss is granted.

IT IS FURTHER ORDERED that the complaint is dismissed as to defendants Singhl and Rummella pursuant to Fed. R. Civ. P. 4(m), as these defendants have never been served with process. Additionally, the complaint must be dismissed as to these defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and fails to state a claim.

5

                                                                        S/Bernard A. Friedman  
                                                                        Bernard A. Friedman  
                                                                        United States District Judge

Dated: February 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2010, by electronic and/or ordinary mail.

                                                                        S/Felicia Moses for Carol Mullins  
                                                                        Case Manager